# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRENDA ANN SMITH,**

              **Plaintiff,**

**-vs-**                                            **Case No.  6:10-cv-204-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **COMMISSIONER'S UNOPPOSED MOTION TO REMAND (Doc. No. 11)** |
| **FILED:** | July 17, 2010 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** and the case be remanded to the Commissioner of Social Security pursuant to sentence six of Section 405(g). It is further **RECOMMENDED** that the Clerk be directed to administratively close the case, but the Court retain jurisdiction over the case.

1

**I.  BACKGROUND**.

On February 3, 2010, Brenda Ann Smith (the "Plaintiff") filed a complaint seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. The Commissioner has not yet answered the complaint. On July 19, 2010, the Commissioner filed an Unopposed Motion to Remand requesting that the case be remanded for a new hearing under six of 42 U.S.C. § 405(g) because the recording of the hearing is inaudible. Doc. No. 11 at 2. The matter has been referred to the undersigned for a report and recommendation.

On July 22, 2010, the Court directed the parties to provide supplemental briefing as to why the case should not be remanded under sentence four of Section 405(g), rather than sentence six of Section 405(g). Doc. No. 12. The Commissioner filed a reply arguing that a sentence four reversal and remand is inappropriate because sentence four governs when a judgment is entered after consideration of the certified administrative record and, therefore, a judgment on the merits of the case. Doc. No. 13 at 2-3. The Commissioner maintains that a judgment on the merits is not appropriate in this case because the complete administrative record is not available. *Id*. at 4. The Commissioner asserts that a sentence six remand is more appropriate in this case because the Commissioner has yet to answer and good cause exists for a remand. The Commissioner argues that the language of sentence six allows for a remand in two independent circumstances: 1) prior to an answer for good cause; and 2) for consideration of new evidence. Doc. No. 13 at 4. In this case, the Commissioner asserts that good cause exists for a sentence six remand. *Id*.

Plaintiff's reply argues that a reversal and remand under sentence four is appropriate because if the recording of the administrative hearing is inaudible, then the Appeals Council must have failed to comply with 20 CFR § 404.970(b) which requires it to "'evaluate the entire record.'" Doc. No. 14 at 3. The Plaintiff states:

> We now know for a fact that the Appeals Council did not review the testimony [of the hearing], and there is no indication in its decision indicating it actually considered any of the new evidence or any of the old evidence. It took the Appeals Council more than twenty months to issue a form decision that could have been done in ten minutes. That is the systemic problem that has been brought to light by the Commissioner's decision in this case. Twenty months is a long time for someone who is disabled with no income and no health insurance. The suffering caused by the Commissioner's nonfeasance is brutal. Remand under sentence four would enable this Court to include in the order, a requirement that the Appeals Council comply with its duty under 20 C.F.R. § 404.970(b). It would also entitle [Plaintiff] to recover her attorney fees and costs which were necessitated by the Commissioner's failure to carry out his duties. [Plaintiff] alleged that the Commissioner's Appeals Council did not apply the correct legal standards [in her complaint]. Plaintiff is willing to proceed based on a certified transcript of the record that was allegedly reviewed and relied on by the Commissioner's Appeals Council if that is what it takes to obtain a judicial determination on the issue of whether the correct legal standards were applied.

Doc. No. 14 at 4-5. Plaintiff acknowledges that sentence six allows the Court to remand a case to the Commissioner before an answer is filed for good cause shown, but argues that the Appeals Council's failure to evaluate the entire record is not good cause for a sentence six remand where the Plaintiff has alleged the Appeals Council failed to apply the correct legal standards. Doc. No. 14 at 6. Counsel for

Plaintiff also acknowledges that "he previously agreed to remand under sentence six," however, "[u]pon further review of the wording of the statute, and an analysis of the issues, as directed by the [C]ourt, he has seen the error of his ways and now respectfully suggest that this Court should remand this case pursuant to sentence four of 42 U.S.C. § 405(g) with specific directions to grant [Plaintiff] an administrative hearing, and for the Commissioner's Appeals Council to comply with its duties to review the record if [Plaintiff] is required to file another appeal." Doc. No. 14 at 6-7.

**II. ANALYSIS.**

Sentence four of Section 405(g) provides:

> <u>The court shall have power to enter, upon the pleadings and transcript of the record, a judgment</u> affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. (emphasis added). Thus, sentence four contemplates entry of a final judgment after review of the pleadings and transcript.

Sentence six of Section 405(g) provides:

> The court may, on motion of the Commissioner . . . made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failing to incorporate such evidence into the record in a prior proceedings. . . ."

4

*Id.*[1]  Thus, sentence six allows for a remand in two instances: 1) for good cause shown before the Commissioner answers for further action; or 2) at anytime where new, material evidence exists and there is good cause for failing to incorporate the evidence into the prior proceedings. 42 U.S.C. § 405(g).

Plaintiff relies on 20 CFR § 404.970(b) for the proposition that the Appeals Council must have failed to discharge its duty to review the entire record because there is no useful audio recording of the proceeding before the Administrative Law Judge. Doc. No. 14 at 3.[2]  While Plaintiff presents a colorable argument that the Appeals Council must have failed to discharge its duty, there is no dispute that there is good cause for a remand for further proceedings. The undersigned understands that a remand pursuant to sentence six will have the effect of denying an award to Plaintiff of attorneys' fees at this juncture, but the undersigned recommends that the Court find a remand pursuant to sentence six is the most appropriate course of action in this case.

**THEREON it is RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 11);

2. Remand the case to the Commissioner pursuant to sentence six of Section 405(g);

3. Direct the Clerk to administratively close the case; and

4. Retain jurisdiction over the case.

---

[1] Under a sentence six remand, the case remains pending before the Court.

[2] 20 CFR § 404.970(b) provides:
> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

*Id.*

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on September 22, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties