**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRENDA ANN SMITH,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:10-cv-204-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES (Doc. No. 27)** |
| **FILED:** | **October 6, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S ORE TENUS UNOPPOSED MOTION FOR ATTORNEYS' FEES PURSUANT TO SECTION 406(b)** |
| **FILED:** | **February 1, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** | |

**I.    BACKGROUND**.

On November 4, 2010, the District Court entered an order remanding the case to the

1

Commissioner pursuant to sentence six of Section 405(g). Doc. Nos. 15, 17. On June 14, 2011, the Commissioner filed a motion to affirm the Commissioner's final decision after remand, which awarded benefits to Plaintiff. Doc. No. 21. On July 11, 2011, judgment was entered affirming the final decision of the Commissioner. Doc. No. 24. Thus, the Plaintiff prevailed in proceedings before this Court and ultimately prevailed before the Commissioner. The parties stipulate that Plaintiff was awarded $26,428.00 in past-due benefits. Doc. No. 26 at 1-2.

On October 6, 2011, Plaintiff filed a Petition for Attorneys' Fees (the "Motion") requesting an award of $2,216.75 in attorneys' fees under the Equal Access to Justice Act (the "EAJA"). Doc. No. 27. Counsel for Plaintiff states that he expended 10.1 hours of work on the case in 2010, at a rate of $175.05 per hour ($1,768.00), and he expended 2.5 hours of work on the case in 2011 at a rate of $179.50 per hour ($448.75), for a total of $2,216.75 in EAJA fees. Doc. No. 27 at 2. Counsel attaches a detailed time sheet to the EAJA Motion. Doc. No. 27 at 13-14. Counsel also states that the hourly rates requested do not exceed the EAJA cap of $125 per hour adjusted for inflation. Doc. No. 27 at 10-12. Thus, Plaintiff requests an order authorizing payment of $2,216.75 in EAJA fees. *Id*. at 12. It is uncontested that the Plaintiff prevailed before this Court and that the Commissioner's position was not substantially justified.

The parties agree that pursuant to 42 U.S.C. § 406(a), Plaintiff's counsel was awarded $6,000.00 in attorneys' fees for work done solely before the Commissioner. Doc. Nos. 28 at 5; 35 at 1-2.[1] On February 1, 2012, the Court held oral argument on the Motion. Doc. No. 404. At

---

[1] Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. *Id*. The Commissioner has the sole discretion in determining appropriate fees under Section 406(a). *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). The fees awarded under Section 406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may

2

the hearing, the parties agreed that that Plaintiff's counsel is entitled to $607.00 in attorneys' fees pursuant to Section 406(b). Doc. No. 40.[2] Accordingly, Plaintiff's counsel made an unopposed ore tenus motion for authorization to charge and collect from Plaintiff $607.00 in Section 406(b) fees. Doc. No. 40.[3]

Pursuant to *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970), the aggregate of Section 406(a) and 406(b) fees may not exceed the cap of twenty-five percent of past-due benefits awarded. In this case, Plaintiff was awarded a total of $26,428.00 in past-due benefits, twenty-five percent of which is $6,607.00. Therefore, because counsel for Plaintiff was awarded $6,000.00 in Section 406(a) fees for work done at the administrative level, under Section 406(b), Plaintiff's counsel can only charge and collect an additional $607.00 from Plaintiff's past-due benefits. As set forth above, the parties stipulate that Plaintiff's counsel is entitled to charge and collect $607.00 in Section 406(b) fees from Plaintiff. The amount requested does not exceed the twenty-five percent cap. Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Ore

---

be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

[2] Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Ordinarily, the Section 406(b) petition occurs long after the Court has rendered a judgment in favor of the claimant and remanded the case back to the Commissioner for further proceedings because it is the Commissioner who quantifies and normally awards the total amount of past-due benefits to a claimant. Thus, although the right to petition the Court for 406(b) fees arises once the Court enters judgment in favor of the claimant, until the claimant is ultimately awarded past-due benefits from the Commissioner, the attorney and the Court are unable to determine what a reasonable fee would be under Section 406(b).

[3] Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Section 406(b) contains a penalty provision that imposes criminal liability on any attorney who "charges, demand, receives or collects" from a claimant more than twenty-five percent of the claimant's past-due benefits awarded for work performed before the Court. 42 U.S.C. § 406(b)(2). Thus, both Section 406(a) and 406(b) fees are paid out of the claimant's past-due benefits ultimately awarded.

Tenus Motion and permit Plaintiff's counsel to charge and collect $607.00 from Plaintiff's past-due benefits awarded.

Regarding the Motion for EAJA fees the Commissioner maintains that the number of hours expended are excessive because they include 7.5 hours of work expended regarding the Court's order directing the parties to provide supplemental briefing on the issue of whether the case should be remanded under sentence four or sentence six of Section 405(g). Doc. No. 29 at 3. The Commissioner also contends Court may not award any fees, including EAJA fees, in excess of the twenty-five percent cap. Doc. No. 40. Thus, the Commissioner asserts that the Motion should be denied.

This case involves the interplay between three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated. 42 U.S.C. §§ 406(a) and 406(b) and 28 U.S.C. § 2142(d). For fees incurred representing Social Security Disability claimants in federal court, attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2142(d). The EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). Fee awards pursuant to 28 U.S.C. § 2412(d) are paid by the government and not out of a claimant's past-due benefits. Ordinarily, petitions for EAJA fees are filed soon after a judgment is entered in favor of a claimant, in accordance with the time period prescribed in Rule 54(d), Federal Rules of Civil Procedure. Because EAJA awards and Section 406(b) awards are often made for the same work, although paid from different sources, the EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b)

and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note. Thus, after a judgment is rendered in favor of a claimant, the Court may award EAJA fees for work done before the Court and, after the Commissioner ultimately awards past-due benefits, the attorney representing claimant may file a petition for Section 406(b) fees based upon a contingent fee agreement. If the Court awards EAJA fees and Section 406(b) fees for the same work, the Savings Provision of EAJA requires the attorney to refund the lesser amount to the claimant. Fees awarded pursuant to Section 406(a) and 406(b) are paid out the total amount of a claimant's past-due benefits awarded and EAJA fees are paid by the government. As a result, although EAJA fees and Section 406(b) are often awarded for the same work done before the District Court, where a claimant prevails and the government's position is not substantially justified, the effect is to shift some of the burden for paying the claimant's fees to the government.

In *Watford v. Heckler*, 765 F.2d 1562, 1564-67 (11th Cir. 1985), the Eleventh Circuit directly addressed "the interplay between the standards for an award of attorneys' fees against the federal government as litigant under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the limitations on the amount of contingent fees recoverable by the plaintiffs' attorneys from their clients in a claim for past-due Social Security disability benefits under 42 U.S.C. § 406(b)(1)." *Id.*[4] In *Watford*, the Eleventh Circuit held that because EAJA awards are paid by the government and do not reduce the amount of a claimant's award of past-due benefits,

---

[4] The Court notes that, as set forth below, *Watford* is directly on point and materially impacts the outcome in this case. Nevertheless, neither party cited to *Watford* despite being directed by the Court for further briefing on the issue. By omitting this binding precedent from their briefing and arguments, the parties might well have led the Court to err.

5

EAJA fees are irrelevant for determining compliance with Section 406(b)'s twenty-five percent cap on fee awards from a claimant's past-due benefits awarded. *Id*. at 1567 ("[T]he fact that attorneys may recover from their clients no more than 25 percent of the clients [sic] past-due benefits does not limit the amounts to be awarded under the EAJA."). Thus, pursuant to *Watford*, 765 F.2d at 1566-67, the twenty-five percent cap in Section 406(b) simply does not apply to petitions for EAJA fees.

In this case, there is no issue as to whether Plaintiff is the prevailing party or whether the Commissioner's position was substantially justified. In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. As set forth above, Plaintiff's counsel requests an award of $2,216.75 in EAJA fees, representing 10.1 hours of work on the case in 2010, at a rate of $175.05 per hour, and 2.5 hours of work on the case in 2011, at a rate of 179.50 per hour. Doc. No. 27 at 2. Plaintiff's counsel states the Commissioner has agreed that after EAJA fees are awarded, it will then determine whether Plaintiff owes a debt to the Government, and, if not, the Commissioner will make the payment directly to Plaintiff's counsel pursuant to an assignment executed by Plaintiff. Doc. No. 27 at 2-3.

The Commissioner argues that the number of hours expended are excessive because a majority of the time was expended responding to this Court's request for supplemental briefing. Doc. No. 29 at 3. The Court has carefully reviewed the time sheets, the Court's order requiring supplemental briefing, and the supplemental briefing provided by Plaintiff. *See* Doc. Nos. 12; 13-16; 27 at 13-14. The Court finds that the hours expended were reasonable. Accordingly, in

6

compliance with *Ratliff*, it is recommended that the Court award Plaintiff $2,216.75 in EAJA fees.

Based on the forgoing, it is **RECOMMENDED** that:

1. Counsel for Plaintiff's unopposed *Ore Tenus* Motion be **GRANTED**;

2. The Court authorize Plaintiff's counsel to charge and collect from Plaintiff $607.00 in Section 406(b) fees;

3. The EAJA Motion be **GRANTED in part** (Doc. No. 27);

4. The Court award EAJA fees to Plaintiff in the amount of $2,216.75; and

5. The Court otherwise **DENY** the EAJA Motion (Doc. No. 27).[5]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED** in Orlando, Florida on May 10, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDG

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties

---

[5] Nothing in this recommendation would prevent the government from honoring the assignment of benefits. However, the undersigned is not recommending that the Court order the government to honor the assignment.