**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**BRENDA ANN SMITH,**

                  **Plaintiff,**

**-vs-**                                                                     **Case No. 6:10-cv-204-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

                  **Defendant.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** (Doc. No. 47) |
| **FILED:** | **July 10, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part.** | |

On November 4, 2010, the District Court entered an order remanding the case to the Commissioner pursuant to sentence six of Section 405(g). Doc. Nos. 15, 17. On June 14, 2011, the Commissioner filed a motion to affirm the Commissioner's final decision after remand, which awarded benefits to Plaintiff. Doc. No. 21. On July 11, 2011, judgment was entered affirming the final decision of the Commissioner. Doc. No. 24. Thus, the Plaintiff prevailed in proceedings before this Court and ultimately prevailed before the Commissioner.

1

On June 4, 2012, the Court entered an order granting Plaintiff's Ore Tenus motion for $607.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b) and granting in part and denying in part Plaintiff's Petition for Attorneys' fees in the amount of $2,216.75 pursuant to the Equal Access to Justice Act (the "EAJA"). Doc. No. 46. The facts underlying the above motions are already set forth in the undersigned's report and recommendation (Doc. No. 44) and are adopted herein.

On July 10, 2012, Plaintiff filed a Supplemental Motion for Attorneys' Fees Under the EAJA (the "Motion"). Doc. No. 47. In the Motion, Plaintiff requests the Court award supplemental attorneys' fees under the EAJA in the amount of $1,751.42 for the time spent defending against the Commissioner's objections to Plaintiff's earlier fee petitions. Doc. No. 47 at 2-3. Plaintiff represents that the Motion is unopposed and that the parties have agreed that if the "U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. No. 47 at 3.

In support of the amount of supplemental fees requested, Plaintiff's counsel states that he expended 9.7 hours of time at an hourly rate of $180.57 per hour. Doc. No. 47 at 3. Plaintiff's counsel attaches a detailed time sheet reflecting the tasks and hour spent working on litigating the above fee petitions. Doc. No. 47 at 14. Counsel states that the hourly rate requested does not exceed the EAJA's statutory cap of $125 per hour adjusted for inflation. Doc. No. 47 at 10-12. As set forth above, the Motion is unopposed. Doc. No. 47 at 4.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding

affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorneys' fees. *Id*. at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States,* 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, 2011 WL 1196054 at *3-4 (M.D. Ga. Feb. 24, 2011).

In the Motion, Plaintiff requests an award of attorneys' fees. Doc. No. 47 at 4. In compliance with *Ratliff*, it is recommended that the Court award EAJA fees to the Plaintiff as the prevailing party.

Accordingly, it is **RECOMMENDED** that:

1. The Motion be **GRANTED** only to the extent that the Court award EAJA attorneys' fees to Plaintiff, as the prevailing party, in the sum of $$1,751.42 (Doc. No. 47);

2. Otherwise, the Motion be **DENIED**;[1] and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on July 16, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record
Unrepresented parties

---

[1] The United States Department of the Treasury (the "Department") may exercise its discretion to honor the Plaintiff's assignment of benefits if it determines that the Plaintiff does not owe a debt to the Government. However, it is recommended that the Court decline to order the Department to honor it.

4